WADLEIGH, Respondent, vs. STEWART and others, Appellants.

*November 7—December 3, 1918.*

*Attorney and client: Recovery of money advanced for settlement: Fraud.*

In an action by an attorney against former clients to recover $200 advanced for them to settle certain litigation, a verdict for plaintiff should have been directed, the clients having taken and retained the fruits of such settlement, which is shown to have been a desirable one, and the proof being wholly insufficient to sustain a claim that there was fraud on plaintiff's part in advising the settlement.

APPEAL from a judgment of the circuit court for Dane county: G. N. RISJORD, Judge. *Affirmed.*

The plaintiff, an attorney at law, sued the defendants, his former clients, to recover a bill for professional services and the sum of $200 advanced by him to settle a certain litigation. There is no controversy here except as to the $200 item, and as to this the defense was that, in order to induce the main defendant, *Jennie T. Stewart,* to consent to the settlement, the plaintiff so carelessly and negligently misstated the law to her that it amounted to fraud upon her and thus induced her to settle. The action was tried before a jury and resulted in a special verdict negativing any fraud, on which judgment for the plaintiff was rendered, from which the defendants appeal.

The facts were these: *Mrs. Stewart* and her two children (her codefendants) owned a farm with a large amount of stock and other property thereon which *Mrs. Stewart* managed and leased to one Hilleque for a year beginning February 15, 1916, under a complicated sharing agreement. The parties soon disagreed as to the terms and meaning of the agreement and their legal rights thereunder, especially as to the right of the lessee to sell stock. In December, 1916, the plaintiff, by *Mrs. Stewart's* direction, brought an action in equity against Hilleque, claiming that the leasing arrangement made the parties partners, that Hilleque had violated the agreement in many ways, especially in the selling of stock, and asking for the appointment of a receiver to take possession of the personal property. The action was defended by Hilleque, a receiver was appointed who took possession of some at least of the personal property and sold hogs and cream to the amount of $609.24. Some attempts were made to settle the litigation, but they failed. At the end of the leasehold year Hilleque declined to vacate and plaintiff brought unlawful detainer proceedings and obtained judgment of ouster, on which a writ of restitution was issued to the sheriff March 9, 1917. Still Hilleque did not vacate, and the sheriff demanded a bond of indemnity before enforcing the writ of restitution; then Hilleque's attorney made to plaintiff an offer to settle both cases, transfer the personal property, and vacate the farm on payment of $200. The plaintiff called *Mrs. Stewart* to his office and strongly advised settlement. She claims that plaintiff told her that if she did not settle it would cost her $40 to have the sheriff execute the writ and that Hilleque would undoubtedly file a petition in bankruptcy, and in that case she would have to pay Mr. Hilleque $200 anyway. This is the fraudulent misstatement of the law of which the defendants complain, and they claim that *Mrs. Stewart* yielded assent under its influence. It is denied by the plaintiff. The settlement was made, the plaintiff advanced to Hilleque's attorney

$200, and Hilleque vacated the premises, transferred to the defendants his interest in the personal property, and a stipulation was made that the receiver pay over the money in his hands, $328.70, less $75 for certain expenses, to *Mrs. Stewart,* and that the partnership action be dismissed without costs. The stipulation was carried out, and the court made an order directing the receiver to make the stipulated payments. *Mrs. Stewart* received the balance of the money from the receiver and at once took possession of the farm and the property thereon and leased the same to another tenant. There is no testimony which shows or tends to show that the settlement was not a wise settlement or that the defendants were in any way damaged by it.

*J. L. Sherron* of Monroe and *R. N. Nelson* of Madison, for the appellants.

*W. S. Wadleigh* of Galesville, respondent, *in pro. per.*

WINSLOW, C. J. We are satisfied that a verdict for the plaintiff should have been directed. This is not a case of an attorney buying property of or having commercial transactions with his client. He advanced to his client $200 to settle up a troublesome litigation; the settlement was made, the client took the fruits of the settlement and still keeps them; necessarily she cannot avoid the repayment of the advance, the fruits of which she now retains.

Furthermore, the proof is entirely insufficient to prove fraud with that clearness and certainty which the law demands. The evidence is convincing that the settlement was a desirable one. *Mr. Wadleigh* acted as a prudent lawyer desirous of forwarding the best interests of his client. He should not have been compelled to sue to recover his money.

*By the Court.*—Judgment affirmed.